THE STATE v. EDWARD FREEMAN, Appellant.

**Division Two, December 19, 1911.**

1. **EVIDENCE: Cross-examination.** Defendant, on trial under an indictment for second degree murder, testified that when he struck deceased he was angry on account of what his wife had told him about deceased's insults to her. On direct examination his wife testified that her husband was away when deceased insulted her. *Held,* that no error was committed by requiring the wife to state, upon cross-examination, where her husband was at the time mentioned.

2. ——————:· ——————: **Impeaching Witness: Prior Conviction of Crime.** Nor was it error to require defendant, upon cross-examination, to tell whether he had ever been convicted of a crime. That was competent to impeach him as a witness.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

There are only three rulings on evidence worthy of notice. The prosecuting attorney asked the wife of appellant, upon cross-examination, where appellant was at the time deceased wanted her to go in the back room with him and settle the account owed him by her husband. Her answer was that her husband was in Kan-

sas. This testimony was proper cross-examination as she had testified that her husband was away, in the direct examination, when the solicitations and statements were made to her. She had referred to him being away and there was no error committed by the court in permitting the prosecution to inquire where he was. The second exception to the rulings on evidence was when witness Sleeth testified that appellant said to him when he came to get his money and found that it had been garnished (and this was before his wife detailed to appellant the solicitations and statements of deceased), that he intended to give the deceased a whipping. This was competent evidence because, as was said by the trial court, "defendant goes on the stand and alleges that as a reason he did this, and if he made any statement that he did this for any other reason that is competent he could show that in the first instance, it is true, but if there is conversation which contradicts his statement on the stand, that can be introduced. There is no objection to it." The court was correct in its ruling because this was only a contradiction of the appellant as to one of the reasons why he struck deceased. Appellant excepts to the ruling of the court in permitting the prosecuting attorney on cross-examination to ask appellant if he had been convicted on a criminal charge, and that occasioned his being away at the time he testified he was away when these solicitations were made to his wife. This was not a deviation from the rule of cross-examination of the defendant, since he testified he had been away, and this cross-examination was upon that subject. This is one of the ways to impeach a witness. State v. Long, 201 Mo. 675, and cases cited.

ROY, C.—The defendant, under an indictment for murder in the second degree, was convicted of man-

slaughter in the fourth degree in the St. Francois
Circuit Court at the May term, 1911, and sentenced
to two years in the penitentiary, and has appealed.

The defendant is married and is the father of sev-
eral children. At the time of the killing he was work-
ing at the lead mine known as No. 7 Federal, near the
town of Elvins. The deceased, C. C. Short, was a mer-
chant. Short had sued defendant on an account for
$7.05 and had gotten judgment, and had garnished de-
fendant's wages. On December 20, 1910, the parties
met on the porch in front of Eaton's store. It was a
very cold day, the ground being frozen hard. A wagon
was standing in the street in front of the porch. The
testimony for the State was to the effect that defend-
ant said to Short: "You didn't treat me right." To
which Short answered, "I don't know why. I fur-
nished your folks some stuff while you were gone."
To which defendant replied, "Yes, but you sued me."

The testimony for defendant was to the effect that
defendant said to Short, "You ain't treated me right,"
and Short said, "What is the reason I ain't treated
you right?" To which defendant replied, "You gar-
nished me and mistreated my family."

Short was wearing an overcoat. He made no mo-
tion toward attacking defendant, who struck him and
knocked him off the porch, against the wagon, and
down to the frozen street, which was about eighteen
inches lower than the porch. Short's skull was badly
fractured and he was taken to a sanitarium where he
died a few days after.

The defendant's wife testified that Short had
insulted her on the 10th of March, 1909, and had re-
peated the insult a few days afterward, but that she
did not tell her husband until after his wages were
garnished.

Defendant testified that when he struck deceased,
he, defendant, was angry on account of what his wife
had told him about Short's insults.

State v. Freeman.

Mr. Sleeth, who appeared to be manager of No. 7 Federal, in rebuttal testified that defendant asked him who it was that had garnished him, and that he told defendant it was Short, and that defendant then said that he was going to whip him, or words to that effect. That testimony was objected to by defendant on the ground that it was not evidence in rebuttal, but should have been introduced in chief. The objection was overruled and defendant excepted.

The defendant's wife, in her direct examination, testified that at the time Short insulted her, her husband was away. On cross-examination she was asked where her husband was at the time mentioned, to which she answered that he was in Kansas. The question and answer were objected to as immaterial and incompetent. The objection was overruled.

Defendant was asked on cross-examination whether he had ever been convicted of a crime, and, over the objection of his counsel, was required to answer and did answer that he had been convicted of having counterfeit money in his possession.

The defendant asked an instruction on manslaughter in the fourth degree, which was refused, but the court of its own motion gave an instruction on that subject which fully covered that branch of the case. The instructions given by the court were all above criticism and fully covered the evidence in the case, and were eminently fair to the defendant.

## OPINION.

No error was committed in requiring defendant's wife to state where her husband was at the time mentioned. It was legitimate cross-examination.

Nor was it error to require the defendant to answer as to whether he had been convicted of a crime. It was competent for the purpose of impeaching him as a witness. [State v. Spivey, 191 Mo. l. c. 111.]

We have not had the advantage of a brief on the part of defendant, but have carefully examined the transcript and find no error in the record or in the admission or rejection of evidence or in the instructions, and, therefore, the judgment is affirmed. *Blair, C.,* concurs.